```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
STEPHEN C. PINE,

                Plaintiff,              06-CV-6218T

        v.                              DECISION
                                        and ORDER
MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.
_____
```

Plaintiff Stephen C. Pine, proceeding pro se brings this action pursuant to the Social Security Act, codified at 42 U.S.C. §§ 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). By motion dated March 1, 2007, the defendant moves to remand this action to the Commissioner for further administrative proceedings pursuant to the fourth sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Defendant contends that the administrative proceedings in this case were deficient in that the Administrative Law Judge ("ALJ") reviewing plaintiff's claim for benefits failed to make explicit findings with respect to what weight, if any, was accorded to the opinion of the plaintiff's treating physician. Defendant also argues that remand is required for further review of allegedly new medical information from Dr. Matthew Tomaino submitted by the

plaintiff,[1] further evaluation of plaintiff's residual functional capacity, and further evaluation of how plaintiff's residual functional capacity impacts plaintiff's ability to work.

Plaintiff does not oppose the defendant's motion to remand this action for the sole purpose of reversing the ALJ's determination that plaintiff was not disabled and awarding plaintiff his disability benefits. Further, plaintiff argues that he did not submit any new medical evidence during the initial hearing with the ALJ because he was still under the care of Dr. Tomaino at that time. See Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999)(Where there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order.)

Accordingly, it is hereby ORDERED that:

1) This action is remanded to the Commissioner for further proceedings consistent with this Order;

2) On review of the petitioner's application, the Commissioner shall make explicit findings with respect to what weight, if any, is accorded to the opinion of plaintiff's treating physicians;

---

[1] With respect to the documentation submitted by plaintiff, defendant questions whether or not such evidence is really new. See Defendant's Memo of Law at 18. Defendant argues that even assuming that the evidence submitted by plaintiff is new and material, it may not be relied upon by the Court to find that plaintiff is disabled. See Moscatiello v. Apfel, 129 F.Supp.2d 481, 490 (E.D.N.Y. 2001). Such evidence may be considered only as a basis for remand for further proceedings. Id.

3) On review of the petitioner's application, the Commissioner shall evaluate the evidence submitted by Dr. Tomaino;

4) The Commissioner shall further evaluate plaintiff's residual functional capacity and consider medical expert testimony from a board certified physician regarding how plaintiff's residual functional capacity impacts plaintiff's ability to work during the time periods at issue.

Plaintiff, who is proceeding pro se in this action, is advised of his right to proceed with an attorney or authorized advocate of his own choosing, at his own expense, in any future administrative proceedings.

ALL OF THE ABOVE IS SO ORDERED.


                                          S/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                United States District Judge

DATED:   Rochester, New York
        April 4, 2007